UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62594-CIV-COHN

ANTOINE WESLEY CLARK,

    Plaintiff,

v.

RICHARD HARRALL,

    Defendant.
_____/

## ORDER DISMISSING ACTION

**THIS CAUSE** is before the Court upon Plaintiff's Complaint [DE 1] and Motion for Leave to Proceed *In Forma Pauperis* [DE 3]. The Court has considered the Complaint, the Motion for Leave to Proceed *In Forma Pauperis*, and the record in this case, and is otherwise advised in the premises. Because Plaintiff has not paid a filing fee, the Court will conduct a screening pursuant to 28 U.S.C. § 1915.

### I.  BACKGROUND

On November 27, 2013, Plaintiff Antoine Wesley Clark filed the Complaint herein. The disjointed two-page Complaint is difficult to comprehend, however the Court reads it to allege that Defendant at various times struck Plaintiff and threatened Plaintiff's physical safety. See DE 1 at 1–2. Plaintiff seeks $10,000,000 in damages on this basis. Id. at 1.

### II.  LEGAL STANDARD

Where a plaintiff seeks to proceed *in forma pauperis*, his complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). Section 1915 reads in relevant part:

>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>. . .
>
>(B) the action or appeal—
>(i) is frivolous or malicious;
>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915.  Review of a complaint for failure to state a claim under section 1915 is governed by the same standard as a motion to dismiss on that basis under Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  At this stage of litigation, the Court will take a plaintiff's allegations as true and will construe them in the light most favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Nevertheless, the Court does not have "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), abrogated on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Finally, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).

### III.  ANALYSIS

Upon review of the Complaint, the Court finds that Plaintiff has failed to state a claim for relief and has failed to establish a basis for this Court's jurisdiction.  Plaintiff does not identify any federal cause of action or other specific grounds for relief arising from his alleged abuse at Defendant's hands.  Moreover, Plaintiff has not stated any grounds for this Court's jurisdiction.  Plaintiff does not identify a federal question to

support jurisdiction under 28 U.S.C. § 1331.  Nor would diversity jurisdiction appear to exist here, as Plaintiff alleges that both he and Defendant reside in Florida.  See DE 1 at 1; 28 U.S.C. § 1332.  The Court will therefore dismiss the Complaint for failure to state a claim and for lack of subject-matter jurisdiction.

## IV. CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice**; and

(2) The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of December, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:

Antoine Wesley Clark (*pro se*)
P.O. Box 770794
Coral Springs, Florida 33307